■ HIRSCH KATZ, Appellant, v NEWMARK & Co. REAL ESTATE, INC., et al., Respondents. [614 NYS2d 201] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Garry, J.), entered September 25, 1992, as granted the branch of the motion by the defendant Barry Gosin which was to change the venue of the action from Kings County to New York County, and denied the branch of the plaintiff's cross motion which was to strike the defendants' answer.

Ordered that the order is modified, on the law, by deleting therefrom the provision which granted the branch of the motion by the defendant Barry Gosin which was to change the venue of the action from Kings County to New York County, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The defendant Barry Gosin was required to serve a demand for change of venue as of right on or before December 17, 1991, the date he served an amended answer to the amended complaint (see, CPLR 511 [a]). Therefore, Gosin's subsequent demand for change of venue, dated May 20, 1992, was untimely and the branch of his cross motion which was to change the venue of the action from Kings County to New York County should have been denied.

We further find that the branch of the plaintiff's cross motion which was to strike the defendants' answer is without merit and was properly denied. Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.